UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATHEW ALAN BASTIEN,

       Petitioner,

v.                                             Case No. 1:18-CV-1211

S.L. BURT,                               HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, a prisoner incarcerated with the Michigan Department of Corrections, filed a petition for writ of habeas corpus on October 24, 2018. On January 16, 2019, Magistrate Judge Kent issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on February 6, 2014, one year from the date Petitioner's conviction became final. (ECF No. 4 at PageID.27.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he failed to raise a factual basis to support application of equitable tolling. (*Id.* at PageID.28.) Finally, the magistrate judge concluded that Petitioner failed to establish that he is actually innocent. (*Id.* at PageID.29)

Petitioner has filed an Objection to the R & R. After conducting a *de novo* review of the R & R and Petitioner's Objection, the Court concludes that the R & R should be adopted.

In his Objection, Petitioner argues that he is entitled to equitable tolling because he was proceeding pro se at the time he filed his application for leave to appeal with the Michigan Supreme

Court, he has had to rely on legal writers, he has both reading and writing disabilities, and he was unaware that his habeas petition was subject to a one-year statute of limitations that commenced on the date his conviction became final. (ECF No. 5 at PageID.32.) As the magistrate judge noted, however, "[t]he fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling." (ECF No. 4 at PageID.28.) Moreover, a physical or mental condition or limitation "tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005). As the Sixth Circuit noted in *Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745 (6th Cir. 2011), "[a] habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 749 (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 5262 (2010)). Here, Petitioner fails to demonstrate either requirement.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's petition as untimely was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 16, 2019 (ECF No. 4) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objection (ECF No. 5) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.

Dated: March 5, 2019                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE